Mary Jo O'Neill, AZ Bar #005924
Sally C. Shanley, AZ Bar #012251
Guy David Knoller, AZ Bar #02803
Equal Employment Opportunity
Commission, Phoenix District Office
3300 N. Central Ave., Suite 690
Telephone: (602) 640-5067
Fax: (602) 640-5009
Email: mary.oneill@eeoc.gov
         sally.shanley@eeoc.gov
         guy.knoller@eeoc.gov

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | ) ) ) |
| Plaintiff, | ) Case No. ) |
| v. | ) COMPLAINT ) (JURY TRIAL DEMANDED) |
| ACCLAIM Charter School d/b/a ACCLAIM Academy, an Arizona corporation, | ) ) ) |
| Defendant. | ) ) ) |

## **NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices of the basis of sex, female, and to provide appropriate relief to Socorro Fort and a class of women who were adversely affected by such practices.

-1-

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e *et seq.*("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Acclaim Charter School dba Acclaim Academy (the "Employer"), has continuously been an Arizona corporation doing business in the State of Arizona and the City of Phoenix and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  More than thirty days prior to the institution of this lawsuit, Socorro Fort filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least July 2005, Defendant Employer has engaged in unlawful employment practices, including sexual harassment, at its location in Phoenix, Arizona, in violation of Section § 703(a) of Title VII, 42 U.S.C. §§2000e-2(a) by, including but limited to:

    a.  an employee making sexually offensive comments and sexual innuendos to female employees;

    b.  an employee touching female employees in a sexual manner;

    c.  an employee staring at female employees in a sexual manner or undressing them with his eyes; and,

    d.  an employee invading the personal space of female employees and lurking close to them when he had no business reason to be there.

8.  The sexual harassment was unwelcome to the women.

9.  Defendant knew or should have known about the hostile work environment and failed to correct it. Ms. Fort and other female employees complained but the sexual harassment continued.

10.  Since at least July 2005, Defendant Employer has engaged in unlawful employment practices at its location in Phoenix, Arizona, in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a) by constructively discharging Ms. Fort and a class

of female employees on the basis of their sex, due to the intolerable conditions caused by the sexual harassment.

11. The effect of the practice(s) complained of in paragraphs 7 – 10 above has been to deprive Socorro Fort and a class of women of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex, female, and to cause their constructive discharges.

12. The unlawful employment practices complained of in paragraphs 7 – 10 above were intentional.

13. The unlawful employment practices complained of in paragraphs 7 – 10 above were done with malice or with reckless indifference to the federally protected rights of Socorro Fort and a class of women.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in harassment and discrimination based upon sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Socorro Fort and a class of women by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its

-4-

unlawful employment practices described in Paragraphs 7-10, including, but not limited to, reinstatement or front pay in lieu of reinstatement.

D. Order Defendant Employer to make whole Socorro Fort and a class of women by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 7-10 above, including job search expenses, medical expenses, and other pecuniary losses, in amounts to be determined at trial.

E. Order Defendant Employer to pay Socorro Fort and a class of women by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 7-10 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation in amounts to be determined at trial.

F. Order Defendant Employer to pay Socorro Fort and a class of women punitive damages for its malicious and reckless conduct described in paragraphs 7 – 10 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## **JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED this 30th day of September, 2010.

P. DAVID LOPEZ
General Counsel

*/s/ Mary J. O'Neill*
MARY J. O'NEILL
Regional Attorney


*/s/ Sally Shanley*
SALLY SHANLEY
Supervisory Trial Attorney

*/s/ Guy David Knoller*
GUY DAVID KNOLLER
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona 85012